**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Obertubbesing, a single man; Adam Henry, a single man; and Michael Niebo, a single man,<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO General Insurance Company; X, Y and Z Companies; and Black and White Corporations,<br><br>Defendants. | No. CV-11-01481-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiffs' "Motion to Remand" (Doc. 11). For the reasons stated below, the Court will grant the motion.

**I.   LEGAL STANDARD**

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing subject matter jurisdiction as a basis for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). To satisfy this burden, the removing party must demonstrate that either diversity or federal question jurisdiction existed at the time of removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). In particular, "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "The strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042 (internal quotation marks omitted). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c).

## II. BACKGROUND

In March 2010, Plaintiffs got into a car accident. At the time, Plaintiff Obertubbesing was driving and Plaintiffs Henry and Neibo were passengers. All three Plaintiffs suffered injuries and were partially compensated by the other driver's insurance, but that driver was underinsured. Plaintiffs then made a claim on Obertubbesing's GEICO insurance policy, invoking his underinsured motorist coverage for the balance of their losses. That coverage provided $15,000 per person or $30,000 per occurrence. Defendants GEICO refused the claim, stating that Obertubbesing had rejected underinsured motorist coverage when he bought his policy.

Plaintiff sued GEICO in Maricopa County Superior Court on various theories, including breach of contract and bad faith denial of insurance benefits. Plaintiffs asked for general, special, and punitive damages, and attorneys fees, but made no specific monetary demand. Plaintiffs then filed a certificate regarding compulsory arbitration stating that their damages exceed $50,000.

GEICO has now removed to this Court, claiming diversity jurisdiction. Plaintiffs have moved to remand, arguing that the amount in controversy does not exceed $75,000.

## III. ANALYSIS

Excluding for the moment the possibility of punitive damages and attorneys fees, GEICO's maximum exposure in this case is $30,000. GEICO nonetheless values this case in excess of $75,000 primarily by arguing that Neibo also has a GEICO policy, that Neibo's underinsured motorist coverage is $100,000/$300,000, that Neibo has made a claim on that policy, and that GEICO has yet to pay out. However, Plaintiffs have made

1  no claim under Neibo's policy. Because Neibo's policy is not in controversy here, it
2  cannot be considered part of the amount in controversy.

3  Concerning punitive damages and attorneys fees, the face of the complaint discloses no reason to expect an award of punitive damages, and attorneys fees must be judged as of the removal date. *Dukes v. Twin City Fire Ins. Co.*, No. CV-09-2197-PHX-NVW, 2010 WL 94109, at *2 (D. Ariz. Jan. 6, 2010). Certainly attorneys fees have not accumulated significantly at this early stage.

The only evidence weighing in GEICO's favor is Plaintiffs' compulsory arbitration certificate claiming more than $50,000. But given Obertubbesing's policy limits and the low probability of punitive damages, the arbitration certificate is not enough to satisfy GEICO's burden to show the jurisdictional amount in controversy by a preponderance of the evidence. This case will therefore be remanded.

IT IS THEREFORE ORDERED that Plaintiffs' "Motion to Remand" (Doc. 11) is GRANTED. The Clerk shall remand this action to the Maricopa County Superior Court.

Dated this 6th day of October, 2011.

_____
Neil V. Wake
United States District Judge